**LIN HAI–XU, a.k.a. Kawabe Maroto, a.k.a. Shi–Qing Lin, a.k.a. Hai–Xu Lin, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

08–0698–ag.

United States Court of Appeals, Second Circuit.

July 9, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Linda S. Wernery, Assistant Director; Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, JOHN M. WALKER, JR., Circuit Judges.

### SUMMARY ORDER

Petitioner Lin Hai–Xu, a native and citizen of the People's Republic of China, seeks review of a January 17, 2008 order of the BIA, which denied his motion to reopen. *In re Lin Hai–Xu,* No. A077 772 293 (B.I.A. Jan. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Hai–Xu's untimely motion to reopen.

Hai–Xu argues that the BIA erred by finding that he failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen. However, this argu-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

ment fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Contrary to Hai–Xu's argument, the BIA reasonably declined to credit his unauthenticated evidence in light of the agency's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir. 2007); *see also Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007). Further, there is nothing in the BIA's decision compelling the conclusion that it failed to take into account all of Hai–Xu's evidence as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).